UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

HIPOLITO MERCADO-GONZÁLEZ,

    Plaintiff,

    v.

EMILIO ACOSTA, a Puerto Rico Police officer, et. al.,

    Defendants.

Civil No. 12-1718 (JAF)

## **OPINION AND ORDER**

We must decide whether a police officer and a municipal official violated the Constitutional rights of a citizen.

### I.

### **Background**

On September 9, 2011, Hipólito Mercado-González was in Yauco, Puerto Rico, fundraising for the civic and social organization Asociación Puertorriqueña de Ayuda al Paciente. (Docket No. 20 at 3). Mercado-González maintains that, while he was resting in the driver's seat of a parked vehicle, Officer Emilio Acosta pulled up in a cruiser and asked Mercado-González where he was from and what he was doing. (Id. at 4.) When he said he was fundraising, Acosta asked to see his permit. Mercado-González told Acosta that he was without a permit and was unaware that one was needed. (Id. at 4-5.) Acosta then requested Mercado-González's driver's license and the vehicle's registration papers, which Mercado-González attempted to provide only after the second request. (Id. at 5.) Mercado-González conceded that his driver's license had expired but said his

brother, who was seated in the passenger seat of the vehicle, was driving and did have a valid license. (Id. at 5-6.) Mercado-González could not produce the registration papers but volunteered that, since the vehicle was rented, Acosta could contact the rental agency. Acosta then asked Mercado-González to exit the vehicle—informing him that he was under arrest. Mercado-González claims that Acosta arrested him in an extremely rough manner, restraining him with two sets of handcuffs. (Id. at 7.) Acosta asked for the keys to the rental vehicle and informed Mercado-González that the vehicle would be taken to the police station. At the police station, Mercado-González received a written document detailing his Constitutional rights. The city cited him for obstruction of justice and driving with an expired license. He received three administrative tickets: (1) causing unnecessary noise; (2) failing to produce a car's registration documents; and (3) driving without a valid driver's license. He received a citation to appear in court on October 11, 2011. (Id. at 10.)

On September 13, 2011, Mercado-González visited Mayor Abel Nazario's office to deliver a letter expressing his concern about his arrest and to request a municipal investigation into Acosta's handling of the matter. (Id.) On October 11, 2011, Mercado-González attended his court hearing. Acosta did not appear. On November 11, 2011, Mercado-González attended an administrative hearing where his three tickets were upheld, with a total fine of $714.64. Mercado-González did not appeal these tickets. (Id. at 11.)

On June 23, 2012, Mercado-González filed a pro-se complaint against Acosta and Nazario in their official and individual capacities, their conjugal partnerships, as well as the Municipality of Yauco. He claimed the defendants violated his Fourth Amendment and Fourteenth Amendment rights and a right to damages for those violations under 42

U.S.C. § 1983. (Docket No. 2.) The contested constitutional claims allege that (1) Acosta used excessive force and unlawfully arrested Mercado-González in violation of his Fourth Amendment rights, and that (2) Nazario failed to prevent Acosta's actions, depriving Mercado-González of due process and equal protection of law. (Id.) The complaint also contains Commonwealth law claims asserted against both Acosta and Nazario. (Id.) On January 18, 2013, defendants moved to dismiss. (Docket No. 12.) Mercado-González filed an amended complaint on April 22, 2013 (Docket No. 20), and defendants filed a motion to dismiss anew on May 6, 2013 (Docket No. 21).

## II.

### Standard of Review

**A.     Motion to Dismiss Standard**

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of plaintiff. San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012) (citation omitted).

## III.

### Discussion

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

### A. Claims Raised Under 42 U.S.C. § 1983

Section 1983 creates a cause of action against those who, acting under color of state law, violate a plaintiff's federal rights. See 42 U.S.C. § 1983; Maine v. Thiboutot, 448 U.S. 1, 4(1980).

### B. Illegal Arrest and Excessive Force Claim Against Officer Acosta

Construing Mercado-González's complaint liberally and taking his allegations as true, as we must, his allegations appear to state a claim for relief under 28 U.S.C. § 1983 for excessive force and illegal arrest in violation of the Fourth Amendment.

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed," Devenpeck v. Alford, 543 U.S. 146, 152 (2004). Probable cause exists when the police know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense. United States v. Burhoe, 409 F.3d 5, 10 (1st Cir. 2005); see also Beck v. Ohio, 379 U.S. 89, 91 (1964). Accordingly, for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause." Correia v. Feeney, 620 F.3d 9, 12 (1st Cir. 2010).

Here, Acosta approached the automobile that Mercado-González was sitting in and asked for verification that he had a municipal permit to fundraise. Mercado-González conceded he did not have the permit. Acosta then requested his driver's license and proof of his vehicle's registration. Even though Mercado-González was in the driver's seat when Acosta approached, he told Acosta that he had no license and could not find the vehicle's registration papers—first, because he said the vehicle was his brother's and he did not know where the papers were, and later because he said the car

was a rental. It was after this exchange that Acosta placed Mercado-González under arrest, impounding the vehicle. Even according to the way Mercado-González tells the story, Acosta had probable cause to arrest him: Mercado-González was behind the wheel of a vehicle without a driver's license or registration; he gave conflicting accounts of his situation; and he lacked a municipal fundraising permit, which was required for the activity in which Mercado-González was engaging.

Mercado-González's complaint also alleges that Acosta used "excessive and unnecessary force." (Docket No. 20 at 7.) "[A]ll claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard ...." Graham v. Connor, 490 U.S. 386, 395 (1989). However, Mercado-González merely asserts this claim—without alleging any factual support. A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 at 678. Not "every push or shove" will reach the level required for actionable excessive force claim under Fourth Amendment. Mlodzinski v. Lewis, 648 F.3d 24, 38 (1st Cir. 2011) (citation omitted). Mercado-González's excessive-force allegations are, therefore, insufficient to withstand Defendants' Rule 12(b)(6) motion because, without more, they do not constitute a clear violation of Mercado-González's constitutional rights.

Finally, Mercado-González asserts that his vehicle was "illegally confiscated." (Docket No. 20 at 7.) "Courts, including this one, have frequently held that impoundments of vehicles for community caretaking purposes are consonant with the Fourth Amendment so long as the impoundment decision was reasonable under the circumstances." United States v. Coccia, 446 F.3d 233, 239 (1st Cir. 2006); see also,

United States v. Rodriguez–Morales, 929 F.2d 780, 786 (1st Cir.1991). Here, impoundment was reasonable under the circumstances because Acosta was taking Mercado-González into custody for an offense and the registration and ownership of the vehicle could not be ascertained at the time of the arrest. (Docket No. 20 at 6.) That arrest, at least as Mercado-González alleges it, did not violate the Constitution, and neither did impounding his vehicle. Nor did Acosta's search of the vehicle at the police station violate Mercado-González's Fourth Amendment rights. United States v. Richardson, 514 F.3d 74, 85 (1st Cir. 2008) (Fourth Amendment permits a warrantless inventory search if the search is carried out pursuant to a standardized policy.)

Therefore, Mercado-González's complaint against Acosta and his conjugal partnership is **DISMISSED WITH PREJUDICE**.

## C.     Claims Against Mayor Nazario

Nazario is correct that Section 1983 does not impose liability on the basis of respondeat superior. Rizzo v. Goode, 423 U.S. 362, 375-77 (1976); Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 502 (1st Cir. 2011) (supervisory officials cannot be held liable for the conduct of their subordinates solely under a theory of respondeat superior); see also Martinez-Velez v. Rey-Hernandez, 506 F.3d 32, 41 (1st Cir. 2007) ("Only persons who were directly involved in the wrongdoing may be held liable.") (citation omitted). Under Section 1983, supervisory liability is limited to those circumstances where a supervisor's conduct constitutes "encouragement, condonation or acquiescence or gross negligence … amounting to deliberate indifference." Grajales v. Puerto Rico Ports Authority, 682 F.3d 40, 47 (1st Cir. 2012) (citation omitted). The parties agree that Nazario's involvement in this matter was limited to his official role as mayor and chief of the Yauco municipal police. (Docket No. 20 at 10; 21 at 7.) All Mercado-González

alleges is that he visited Nazario's office to complain about his arrest and request an investigation into Officer Acosta's conduct. As such, Mercado-González's claims against Nazario fail to state a claim of supervisory liability under Section 1983. Mercado-González's complaint against Nazario and his conjugal partnership is **DISMISSED WITH PREJUDICE.**

D.  **Fourteenth Amendment Claims**

Mercado-González's allegations appear to suggest a claim for malicious prosecution. Malicious prosecution under § 1983 requires a constitutional deprivation and no adequate state remedy. Torres v. Superintendent of Police of Puerto Rico, 893 F.2d 404, 410 (1st Cir. 1990). Here, Mercado-González has failed to state a claim for a constitutional violation and, in any event, Commonwealth law provides remedies for challenging police action in court**.** See, e.g., Ayala v. San Juan Racing Corp., 112 D.P.R. 804 (May 14, 1982). Mercado-González's malicious prosecution claim is **DISMISSED WITH PREJUDICE**.

Mercado-González also alleges that Acosta and Nazario violated the equal protection clause of the Fourteenth Amendment. To prove a violation of the equal protection clause, Mercado-González must show that (1) compared with others similarly situated, he was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, sex, or religion. Freeman v. Town of Hudson, 714 F.3d 29, 38 (1st Cir. 2013). Mercado-González, however, makes no allegations that he was selectively treated nor does he allege that Acosta and Nazario acted because of racial or class-based animus. As a result, Mercado-González's equal protection claim is **DISMISSED WITH PREJUDICE**.

### E. Claims Against the Municipality of Yauco

Mercado-González alleges that the Municipality of Yauco failed to properly select, train, investigate, and discipline its police force. Under Monell, a municipality is liable only for identifiable constitutional violations attributable to official municipal policy. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978). But the municipality's failure to train or supervise its police officers only becomes a basis for liability when municipal policy "*caused a constitutional tort.*" Monell, 436 U.S. at 691 (emphasis added); see also Kennedy v. Town of Billerica, 617 F.3d 520, 532 (1st Cir. 2010); Wilson v. Town of Mendon, 294 F.3d 1, 6-7 (1st Cir. 2002). We have rejected all alleged constitutional torts that could have formed a basis for municipal liability. Because Mercado-González does not allege any other constitutional torts that could be attributed to the Municipality of Yauco, his complaint against Yauco is **DISMISSED WITH PREJUDICE**.

### F. Commonwealth Tort Claims

We have discretion to decline supplemental jurisdiction over the remaining state law claims since we have dismissed all of the claims over which we have original jurisdiction. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal law claims are dismissed before trial…the state claims should be dismissed as well). In exercising our discretion under § 1367(c), we must consider the issues of "judicial economy, convenience, fairness, and comity." Che v. Massachusetts Bay Transp. Authority, 342 F.3d 31, 37 (1st Cir. 2003). Having considered these factors, we decline to exercise supplemental jurisdiction over Mercado-González's Commonwealth law claims. Therefore, we **DISMISS WITHOUT PREJUDICE** Mercado-González's remaining Commonwealth law claims.

## IV.

## Conclusion

Defendants' motions to dismiss, (Docket Nos. 12, 21), are **GRANTED.** Mercado-González's claims against Acosta, Nazario, their conjugal partnerships, and the Municipality of Yauco in his complaint, (Docket No. 12), and his amended complaint, (Docket No. 20), are **DISMISSED WITH PREJUDICE.** Mercado-González's Commonwealth law claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 25th day of June, 2013.

                                                              S/José Antonio Fusté
                                                              JOSE ANTONIO FUSTE
                                                              U. S. DISTRICT JUDGE